USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                                        :
ULYSSES CAPITAL PARTNERS LIMITED    :
PARTNERSHIP,                                                 :
                                                                          :          1:22-cv-9817-GHW
                                            Plaintiff,    :
                                                                           :          <u>ORDER TO SHOW</u>
              -against-                                        :               <u>CAUSE</u>
                                                                           :
CALLIDUS USA INC., *et al.*,                  :
                                                                           :
                                          Defendants.  :
                                                                           :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

        Defendants Callidus USA Inc. and Callidus Capital Corporation (together, the "Callidus Defendants") removed this action, against the above-captioned Plaintiff, to this court on November 21, 2022. Dkt. No. 7. As the basis for this Court's subject matter jurisdiction, the Callidus Defendants invoke 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000. *See id.* ¶¶ 11–16. To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). The Callidus Defendants, as the parties invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

        Plaintiff is a limited partnership. In *Carden v. Arkoma Associates,* the Supreme Court held that the citizenship of all the partners in a limited partnership must be considered for the purposes of determining diversity jurisdiction. *Id.* at 494 U.S. 185, 195–96 (1990). The Callidus Defendants allege that Plaintiff's "*general* partners" are citizens of the states of Florida and Pennsylvania. Dkt.

No. 7 ¶ 7 (emphasis added). But alleging the citizenship of an L.P.'s general partners is not enough: In *Carden*, the Supreme Court specifically rejected the notion of determining an L.P.'s "citizenship solely by reference to the citizenship of its general partners, without regard to the citizenship of its limited partners." 494 U.S. at 192; *see id.* at 195–96. Accordingly, the Callidus Defendants have failed to properly allege the citizenship of the members of Ulysses Capital Partners, L.P.

Additionally, Defendant SteelCoast Company, LLC is a limited liability company. When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of *each* of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (emphasis added). The Callidus Defendants have stated that Adams Steel is a member of SA Recycling LLC, which in turn is SteelCoast's sole member. Dkt. No. 7 ¶ 10. And the Callidus Defendants have represented that "[t]he *ultimate principals* of Adams Steel LLC are natural persons—all of whom are . . . citizens of the state of California." *Id.* But the Court is not sure if the Callidus Defendants are alleging that all of Adams Steel LLC's members are California citizens, and is thus unsure of the citizenship of all of the members of SteelCoast Company, LLC.

Given these deficiencies, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case. "If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE by November 28, 2022 as to why this action should not be dismissed for lack of subject

matter jurisdiction.

SO ORDERED.

Dated: November 21, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3